**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**THOMAS LEWIS HEARST,**

                    **Plaintiff,**

      **v.**                                      **CASE NO. 06-3247-SAC**

**JOSHUA PEERY, et al.,**

                      **Defendants.**

**O R D E R**

This matter is before the court on a pro se complaint, as subsequently amended,[1] filed under 42 U.S.C. § 1983 by a prisoner incarcerated in Lansing Correctional Facility (LCF) in Lansing, Kansas. The defendants named in the amended complaint include parole officers (Josh Peery and Ron Schwart), Kansas Parole Board (KPB) members (Paul Feleciano, Robert Sanders, and Marilyn Scafe), and LCF parole officials (Shannon Tullis and Maggie Haghirian). Also before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915.

                              28 U.S.C. § 1915 Motion

Under the Prison Litigation Reform Act signed into law on April 26, 1996, a prisoner is required to pay the full filing fee in this civil action. Where insufficient funds exist for the filing fee, the court is directed to collect an initial partial filing fee in the amount of 20 percent of the greater of the average monthly

---

[1] The court liberally construes the amended complaint as incorporating the facts and allegations set forth in the original complaint.

deposits to the inmate's account or the average monthly balance for the preceding six months. 28 U.S.C. § 1915(b)(1)(A) and (B). However, where an inmate has no means by which to pay the initial partial filing fee, the prisoner shall not be prohibited from bringing a civil action. 28 U.S.C. § 1915(b)(4).

Having considered plaintiff's financial records, the court finds no initial partial filing fee may be imposed at this time due to plaintiff's limited resources, and grants plaintiff leave to proceed in forma pauperis. 28 U.S.C. § 1915(b)(4). Plaintiff remains obligated to pay the full $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

## 28 U.S.C. § 1915A Screening

Because plaintiff is a prisoner, the court is required to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).

Plaintiff alleges the denial of due process in his state parole revocation proceeding in July 2006. Plaintiff claims he did not receive a notice of the violations charged against him prior to the hearing conducted on July 25, 2006, and claims the parole board members nonetheless proceeded to conduct the hearing and revoke plaintiff's parole without plaintiff being present. Plaintiff filed a civil action in the state district court, seeking relief for the alleged denial of procedural due process. By an order dated August 15, 2006, the state court ordered a new preliminary hearing that

provided due process, and ordered a new revocation hearing if probable cause for revocation of plaintiff's parole was found. The state court also stayed its proceeding pending completion of the relief ordered. A new preliminary hearing was held on August 24, 2006, in which probable cause for revoking plaintiff's parole was found. A final revocation hearing is currently scheduled for October 27, 2006.

Plaintiff further claims his conditional release and maximum release dates on his sentence were unlawfully extended 31 days without a hearing, and broadly claims all defendants retaliated against him by denying him due process in retaliation for plaintiff's history of writing writs to the court.

Plaintiff filed the instant action, seeking damages for defendants' alleged violation of his constitutional rights. Having reviewed the record, the court finds this action is subject to being dismissed for the following reasons.

*Abstention*

Because the state court stayed its proceeding until the relief granted was provided, plaintiff essentially seeks this court's intervention in an ongoing state action that is clearly capable of addressing plaintiff's federal claims. In <u>Younger v. Harris</u>, 401 U.S. 37, 43 (1971), the Supreme Court held that federal courts should generally avoid interference with state criminal prosecutions which were begun before initiation of the federal suit. The <u>Younger</u> abstention doctrine is based on "notions of comity and federalism, which require that federal courts respect state functions and the independent operation of state legal systems." <u>Phelps v. Hamilton</u>,

122 F.3d 885, 889 (10th Cir. 1997).  *See also* Huffman v. Pursue, Ltd., 420 U.S. 592 (1975)(extending Younger doctrine to civil proceedings); Parkhurst v. Wyoming, 641 F.2d 775, 777 (10th Cir. 1981)(extending Younger doctrine to § 1983 claim for damages). Three narrow exceptions to the Younger abstention doctrine are recognized for "bad faith or harassment," prosecution under a statute that is "flagrantly and patently" unconstitutional, or other "extraordinary circumstances" that involve irreparable injury.  Id. at 50, 53 (quotation marks omitted).  None of these exceptions are evident on the face of plaintiff's pleading, thus the amended complaint is subject to being dismissed without prejudice pursuant to the abstention doctrine in Younger.

   *Habeas Claims*

   To the extent plaintiff claims his continued confinement on parole violation charges is unlawful, and claims the release dates on his sentence have been unlawfully extended, relief on these claims must be pursued in habeas corpus after first exhausting available administrative and state court remedies on these claims. *See* Preiser v. Rodriquez, 411 U.S. 475 (1973)(state prisoner's challenge to fact or duration of confinement must be presented through petition for writ of habeas corpus after exhausting state court remedies).  *See also* Wilkinson v. Dotson, 544 U.S. 74, 81-82(2005)("[A] state prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)- if success in that action would necessarily demonstrate the invalidity of

4

confinement or its duration.")

*Claims premature under Heck v. Humphrey*

Accordingly, to the extent plaintiff seeks damages on such claims that necessarily implicate the validity or duration of plaintiff's confinement pursuant to the charges filed against him for violating the conditions of his parole, plaintiff must first demonstrate that this basis for his confinement has been overturned, reversed, or otherwise invalidated. The Supreme Court has held:

> "[T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction" has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."

Heck v. Humphrey, 512 U.S. 477 486-87 (1994). Heck applies to the revocation of parole or probation. *See* Crow v. Penry, 102 F.3d 1086, 1087 (10th Cir. 1996)(claim involving false testimony at probation revocation hearing was invalid under Heck). Here, plaintiff's state court action is stayed and not yet final, and the state court judge expressly found that dismissal of the parole violation warrant was not required under the circumstances.[2] Because no favorable termination within the meaning of Heck has resulted, any claim for damages based on allegations implicating the

---

[2]There is nothing to suggest that plaintiff has yet pursued state appellate review of this state court determination. Also, the state court's opinion does not mention plaintiff's claim that the release dates in his sentence have been unlawfully extended an additional 31 days.

5

validity of his present confinement are subject to being dismissed without prejudice. *See* Beck v. City of Muskogee Police Department, 195 F.3d 553, 560 n.5 (10th Cir. 1999)(dismissals under Heck are without prejudice); Fottler v. United States, 73 F.3d 1064, 1065 (10th Cir. 1996)("When a § 1983 claim is dismissed under Heck, the dismissal should be without prejudice." (citations omitted)).

*Procedural Due Process Claims*

To the extent plaintiff seeks damages for procedural violations that do not directly or indirectly implicate the validity of his confinement pursuant to the parole revocation charges, Heck presents no bar. *See* Wilkinson, 544 U.S. at 82 (procedural claims not falling within implicit habeas exception are cognizable under § 1983). Nonetheless, to state a claim for relief under 42 U.S.C. § 1983, plaintiff "must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

It is recognized that in parole revocation proceedings, a parolee is entitled to a preliminary hearing with "notice of the alleged violations of probation or parole, an opportunity to appear and to present evidence in his behalf, a conditional right to confront adverse witnesses, an independent decisionmaker, and a written report of the hearing." Gagnon v. Scarpeli, 411 U.S. 778, 786 (1973)(*citing* Morrissey v. Brewer, 408 U.S. 471, 487 (1972)). If probable cause for revocation is found, a parolee is entitled to a final revocation hearing with similar procedural guarantees. Id. (*citing* Morrissey, 408 U.S. at 489). Plaintiff's allegations,

6

however, present no claim of such constitutional deprivation.

Plaintiff sought and obtained declaratory and injunctive relief to remedy procedural error in the revocation of his parole on July 27, 2006. The rehearing ordered by the state court clearly cured any deprivation of due process plaintiff suffered in the July 27, 2006, proceeding, and provided plaintiff with adequate procedural safeguards in the revocation of his parole. *See* Terrell v. Bassett, 353 F.Supp.2d 658 (E.D.Va. 2005)(citing cases finding "no harm, no foul" where injury suffered by due process violation is cured by subsequent events nullifying the injury), *affirmed*, 132 Fed.Appx 452 (4th Cir. 2005). Plaintiff points to no harm other than his continued confinement until the state ordered rehearings were conducted, and the state court expressly found the delay in providing adequate hearings was not so unreasonable as to deny plaintiff due process.

While nominal damages are recoverable on a constitutional claim of deprivation of procedural due process without proof of actual injury, Carey v. Piphus, 435 U.S. 247, 266-67 (1978), plaintiff's claim for damages against the Kansas Parole Board members is clearly barred by absolute immunity because members of state parole boards are absolutely immune to suits for damages for actions taken in performance of their official duties. Russ v. Uppah, 972 F.2d 300, 303 (10th Cir. 1992). Although plaintiff broadly alleges parole officials and LCF staff were responsible for preparing a revocation packet that demonstrated full compliance with plaintiff's procedural rights and failed to do so, the limited procedural rights afforded plaintiff in a revocation proceeding do not encompass the right to

7

proper advance paperwork.  Plaintiff alleges no intentional fraud by any defendant to deceive the KPB members, and in fact argues the members proceeded with revocation notwithstanding the knowledge that plaintiff was not appearing because he had not yet received notice of the charges against him.  Any error by plaintiff's parole officers or LCF officials in processing the paperwork for plaintiff's revocation hearing was de minimis at best, and wholly insufficient to show that these defendants caused the KPB to proceed on July 27, 2006, with disregard to plaintiff's procedural rights.

Nor do plaintiff's allegations demonstrate that his continued confinement until the court ordered rehearings subjected him to "atypical and significant hardship in relation to the ordinary incidents of prison life," a necessary showing to establish a liberty interest protected by the Due Process Clause.  Sandin v. Conner, 515 U.S. 472 (1995)(announcing new test for analyzing state-created liberty interests protected by due process).

*Retaliation*

Plaintiff broadly alleges all defendants unlawfully retaliated against him because he was an active "writ writer" in prison, but provides no reasonable factual basis for such a claim against the named parole officers or KPB members.  See Frazier v. Dubois, 922 F.2d 560, 562 n. 1 (10th Cir. 1990)(plaintiff must "allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights"); Peterson v. Shanks, 149 F.3d 1140, 1144 (10th Cir. 1998).  Additionally, plaintiff's claim of retaliation by any LCF defendant is subject to being summarily dismissed without prejudice absent a showing that plaintiff has exhausted

8

administrative remedies on such a claim. *See* 42 U.S.C. § 1997e(a)("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). *See also See* <u>Steele v. Federal Bureau of Prisons</u>, 355 F.3d 1204, 1210 (10th Cir. 2003)(pleading requirement imposed by 1997e(a) requires a prisoner to attach a copy of applicable administrative dispositions to the complaint, or to "describe with specificity the administrative proceeding and its outcome"), *cert. denied* 543 U.S. 925 (2004); <u>Ross v. County of Bernalillo</u>, 365 F.3d 1181 (10th Cir. 2004)(§ 1997e(a) requires "total exhaustion;" prisoner complaint containing a mixture of exhausted and unexhausted claims is to be dismissed).

*Eight Amendment and Fourth Amendment Claims*

Plaintiff contends the unlawful revocation hearing conducted on July 27, 2006, subjected him to cruel and unusual punishment, and argues his confinement constitutes an unlawful seizure. These claims are subject to being dismissed as having no legal or factual basis. Plaintiff's confinement in LCF is pursuant to a parole violation arrest warrant and extradition which are not being contested, and plaintiff alleges no conditions that denied him the minimal "civilized measure of life's necessities," <u>Farmer v. Brennan</u>, 511 U.S. 825 (1994), or subjected him to a substantial risk of serious harm, <u>Helling v. McKinney</u>, 509 U.S. 25, 35 (1993).

## Conclusion

Accordingly for the reasons stated herein, the court directs

plaintiff to show cause why the amended complaint should not be dismissed without prejudice as stating no claim for relief and as seeking damages from persons immune from such relief. See 28 U.S.C. 1915(e)(2)(B)(ii)-(iii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines ...the action...fails to state a claim on which relief may be granted, or...seeks monetary relief against a defendant who is immune from such relief."). Plaintiff is advised that the failure to file a timely response may result in the amended complaint being dismissed without prejudice and without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, and that payment of the $350.00 district court filing fee is to proceed pursuant to 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days from the date of this order to show cause why the amended complaint should not be dismissed for the reasons stated by the court.

The clerk's office is to provide a copy of this order to plaintiff and to the Finance Officer at the facility where plaintiff is currently confined.

**IT IS SO ORDERED.**

DATED:  This 23rd day of October 2006 at Topeka, Kansas.

    s/ Sam A. Crow
    SAM A. CROW
    U.S. Senior District Judge