IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**THOMAS LEWIS HEARST,**

                **Plaintiff,**

     **v.**                                 **CASE NO. 06-3247-SAC**

**JOSHUA PEERY, et al.,**

                **Defendants.**

## O R D E R

Plaintiff proceeds pro se and in forma pauperis in this action filed under 42 U.S.C. § 1983 while plaintiff was incarcerated in Lansing Correctional Facility (LCF) in Lansing, Kansas.  The defendants named in plaintiff's first amended complaint included parole officers (Josh Peery and Ron Schwart), Kansas Parole Board (KPB) members (Paul Feleciano, Robert Sanders, and Marilyn Scafe), and LCF parole officials (Shannon Tullis and Maggie Haghirian).

In his original and first amended complaint, plaintiff alleged the denial of due process in his state parole revocation proceedings in June and July 2006.  Plaintiff claimed he did not receive a notice of the violations charged against him prior to the final revocation hearing conducted on July 25, 2006, and claimed the parole board members nonetheless proceeded to conduct the hearing and revoke plaintiff's parole without plaintiff being present. Plaintiff filed a civil action in the state district court, seeking relief for the alleged denial of procedural due process.  By an

order dated August 15, 2006, the state court found plaintiff was not provided notice of the parole violations charges pending against him. It ordered a new preliminary hearing that provided this minimum due process protection, and ordered a new revocation hearing if probable cause for revocation of plaintiff's parole was found. A new preliminary hearing was held on August 24, 2006, at which probable cause for revoking plaintiff's parole was found. A final revocation hearing was held on October 24, 2006, in which the KPB found plaintiff guilty on all of the charged violations. It revoked plaintiff's parole and reparoled him on November 3, 2006, to an approved plan.

Plaintiff further alleged his conditional release and maximum release dates on his sentence were unlawfully extended 31 days without a hearing, and broadly claimed all defendants retaliated against him by denying him due process in retaliation for plaintiff's history of writing writs to the court.

On these allegations, plaintiff sought damages for defendants' alleged violation of his constitutional rights. The court reviewed the record and directed plaintiff to show cause why the amended complaint should not be dismissed.

In response, plaintiff filed a motion to: (1) dismiss all but one defendant, parole officer Ron Schwart, and to correct the identification and spelling of that defendant's name as Kimberly Schwant; (2) dismiss all claims[1] but for a single procedural due

---

[1] Plaintiff states he is voluntarily dismissing all claims of retaliation, all claims under the Eighth and Fourth Amendments, his

process claim concerning parole officer Schwant's signature on a statement of charges and notice of preliminary hearing; and (3) dismiss plaintiff's claim for damages and to seek instead only declaratory judgment and prospective injunctive relief.  Plaintiff also filed a motion for leave to amend his complaint a second time to reflect these voluntary dismissals and modifications.  The court grants both motions.

As a result, plaintiff now proceeds on a single claim that parole officer Schwant violated plaintiff's right to procedural due process by misrepresenting herself and falsely identifying plaintiff's parole officer in the parole revocation documents.  Plaintiff seeks a judicial declaration that this alleged misconduct violated Kansas parole regulations, and seeks an injunction to prevent defendant Schwant from any same future misconduct.  The court has reviewed the allegations in plaintiff's second amended complaint and finds this action should be dismissed as stating no claim upon which relief can be granted under 42 U.S.C. § 1983.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988).  Accordingly, plaintiff's detailed allegations that of Schwant's violations of state parole regulations do not present a claim upon which relief can be granted under §

---

due process claim in relation to the adjustment of his conditional and maximum release date.

1983, including the declaratory judgment sought by plaintiff.

Nor do plaintiff's allegations state an actionable § 1983 claim upon which the injunctive relief can be granted.

It is settled that state parole revocation proceedings implicate a protected liberty interest, and that the parolee is entitled to limited procedural protections including a determination of probable cause to believe the parolee violated a condition of release and an opportunity to contest the allegations of such violation.  <u>Morrissey v. Brewer</u>, 408 U.S. 471, 485-89 (1972). Plaintiff's allegations that defendant Schwant prepared and signed forms that did not accurately identify plaintiff's parole officer or supervisor on the Violation Report and on the Statement of Charges and Notice of Preliminary Hearing, and that these forms were then used throughout the revocation process, fall far short of stating any violation of the limited  procedural protections recognized in <u>Morrissey</u>.

Accordingly, the court concludes plaintiff's second amended complaint should be dismissed as stating no claim for relief.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").

IT IS THEREFORE ORDERED that plaintiff's motion to amend the complaint (Doc. 14), and motion to dismiss all defendants and claims but for a single due process claim against defendant Ron Schwart now identified as Kimberly Schwant (Doc. 13), are granted.

IT IS FURTHER ORDERED that the second amended complaint is dismissed as stating no claim for relief.

**IT IS SO ORDERED.**

DATED:  This 4th day of September 2007 at Topeka, Kansas.

>  s/ Sam A. Crow
> SAM A. CROW
> U.S. Senior District Judge